JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS A. MORIN, RENE LONGORIA, NICOLAS MEREZKO, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DEALERS' CHOICE TRUCKAWAY SYSTEM, INC. dba TRUCKMOVERS, a Kansas corporation, and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 2:23-cv-00216-WLH-SK<br><br>**ORDER AND JUDGEMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT [41] AND MOTION FOR ATTORNEYS' FEES AND COSTS   [42]** |

The Court having held a Final Approval Hearing in this Action on May 24, 2024, notice of the Final Approval Hearing having been duly given in accordance with this Court's Order Re: Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 40); 1) Preliminarily and conditionally approving the Settlement Class; 2) Preliminarily and conditionally approving the PAGA Group Members; 3) Setting a Final Approval Hearing; and 4) Approving the Notice Packet ("Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay

in entry of this Final Judgment and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.      The Stipulation, Settlement, and Release of Class Action and Private Attorneys General Act Claims (the "Settlement Agreement"), and the definition of words and terms contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2.      This Court has jurisdiction over the subject matter of this litigation and over all Parties to this litigation.

3.      The Court certifies, for settlement purposes only the Settlement Class defined as "all truck drivers classified as independent contractors who signed an independent contractor service agreement and who performed services for Defendant in the State of California during the Class Period,[1]" who will be bound by this Final Judgment.

4.      Further, the PAGA Group Members bound by this Final Judgment include "all truck drivers classified as independent contractors who signed an independent contractor service agreement and who performed services for Defendant in the State of California during the PAGA Period."[2]

5.      Set forth in Paragraph 8 of the Declaration of Kevin Lee (Lee Declaration), filed concurrently herewith and the Supplemental Declaration of Kevin Lee filed on May 7, 2024, no requests for exclusion from the class settlement were submitted by Settlement Class Members

6.      Set forth in Paragraph 9 of the Lee Declaration, there were no

---

[1] The Class Period is May 23, 2014, to February 2, 2024.  See Settlement Agreement § G and Order Granting Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 40).

[2] The PAGA Period is December 1, 2021 through February 2, 2024.  See Settlement Agreement § AA; and Order Granting Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 40).

objections to the Settlement.

7.     The Court hereby finds that the Settlement Agreement is the product of arm's length settlement negotiations between Plaintiffs, Class Counsel and Defendant.

8.     The Court hereby finds and concludes that the Notice Packet was disseminated to the Settlement Class in accordance with the terms set forth in the Settlement Agreement, and that the Notice Packet and its dissemination were in compliance with this Court's Preliminary Approval Order.

9.     The Court further finds and concludes that the Notice Packet set forth in the Settlement Agreement fully satisfies Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, was the best notice practicable under the circumstances, provided individual notice to the Settlement Class who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

10.    The Court hereby finally approves the Settlement Agreement and the Settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions.

11.    This Court hereby dismisses this Action with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement.

12.    Upon the Effective Date and Conditions Precedent, the Plaintiffs and each and every one of the Settlement Class Members unconditionally, fully, and finally releases and forever discharges the Released Parties from the Released Class Claims.

13.    Upon the Effective Date and Conditions Precedent, Plaintiff Longoria as a representative of the State of California and on behalf of the Labor and

Workforce Development Agency (LWDA) unconditionally, fully, and finally release and forever discharge the Released Parties from the Released PAGA Claims.  PAGA Group Members will be bound to the Judgment entered by the Court as to the Released PAGA Claims.

14.     The Settlement Agreement (including, without limitation, its exhibits) and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of a statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, or of the truth of any of the claims asserted by Plaintiffs in the Action, and evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Preliminary Approval Order, and/or this Order.

15.     The Court finally approves Verum Law Group, APC ("VLG"), as adequate counsel and approves Class Counsel's application for $330,000 in attorneys' fees and $16,844.99 in costs.

16.     The Court finally approves Rene Longoria ("Plaintiff Longoria") and Nicolas Merezko ("Plaintiff Merezko") (collectively, "Plaintiffs"), as adequate Class Representatives, and approves their Service Awards in the amount of $10,000 to each of the Class Representatives (totaling $20,000).

17.     The Court approves the payment to the LWDA of $37,500 and the remaining $12,500 payable to PAGA Group Members.

18.     The Court approves the payment to the Settlement Administrator in the amount of $32,500.

19.     Finding that there is no just reason for delay, the Court orders that this Final Judgment and Order of dismissal shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure. The clerk of the Court is directed

to enter this Order on the docket forthwith.

20.     Without affecting the finality of this Final Judgment and Order of dismissal in any way, this Court retains continuing jurisdiction over the administration of the Settlement Agreement.

**IT IS SO ORDERED AND ADJUDGED.**

Dated: May 24, 2024

_____
HON. WESLEY L. HSU
U.S. DISTRICT COURT JUDGE